UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| IN RE: IMMIGRATION HABEAS PETITIONS UNDER 28 U.S.C. § 2241 | GENERAL ORDER 08-26 |

This Order is adopted to set a case assignment and scheduling procedure specifically for petitions for writs of habeas corpus filed under 28 U.S.C. § 2241 by persons in immigration detention. This Order supersedes General Order 10-25, issued December 18, 2025, and continues to modify the Court's General Order No. 05-25, issued February 19, 2025.

**THE COURT HEREBY ORDERS:**

1. **General Objectives.** It is the intent of the Court to facilitate the prompt adjudication of § 2241 immigration habeas petitions. To meet this goal, the Court will, to the greatest extent possible, assign such § 2241 habeas petitions to both District Judges and Magistrate Judges. The public, the parties, and the Court are well served by

ORDER 08-26 / PAGE 1

expanding the pool of judges available to decide these cases. The Court will also promptly enter a standard scheduling order after the petition is assigned to a judge.

2. **Case Assignment.** The Clerk shall randomly assign § 2241 immigration petitions to either a Magistrate Judge or a District Judge. When a petition is filed using CM/ECF, the filer will be asked to consent to Magistrate Judge jurisdiction. The United States has already indicated its "general" consent to Magistrate Judge jurisdiction in cases of this nature, subject to reserved rights to withdraw the consent in a given case and to withdraw the general consent no later than the filing of its Notice of Appearance (Exhibit 1).

If the petitioner consents, the United States does not timely withdraw consent, and the case is randomly assigned to a Magistrate Judge, the case shall remain assigned to the Magistrate Judge under 28 U.S.C. § 636(c). Because the assignment pool includes both Magistrate and District Judges, a case may still be assigned to a District Judge even if the petitioner consents to Magistrate Judge jurisdiction. If the petitioner declines to consent or if the United States timely withdraws its consent, the case will be assigned to a District Judge, without referral. The parties may also exercise their right to consent to the jurisdiction of a Magistrate Judge at a later stage of the case. A party who decides to consent later may do so by communicating their decision to the Court, and the District Judge may enter an order transferring the case to a Magistrate Judge upon unanimous consent of the parties.

3. **Paper Filings.** A pro se petitioner that files their petition in hard copy will be sent a hard copy scheduling order by the Clerk's Office in accordance with Paragraph 4 below. The Clerk's Office will serve the petition on the U.S. Attorney's Office pursuant to this General Order. If the petitioner indicates on the hard copy of the

petition that they consent to the jurisdiction of a Magistrate Judge, then the case may be assigned to either a Magistrate Judge or a District Judge. If the petitioner indicates on the hard copy of the petition that they decline consent, or they do not indicate any decision about consent, then the case will be assigned to a District Judge.

4. **Case Scheduling.** Upon assignment of a petition to a judge, the Clerk's Office will serve the petition on the U.S. Attorney's Office (if not already accomplished) and the Court will issue a standard scheduling order (Exhibit 2). Among other things, the standard order provides that a return to the habeas petition will be due in 14 days and a traverse may be filed within 5 days of the return. The petition will be noted for consideration on the due date for the traverse. The order also sets forth a procedure for the parties to seek to expedite or enlarge the standard briefing schedule and requires notice to the petitioner before they are removed from the Western District of Washington during the pendency of their habeas proceedings. The standard scheduling order for cases filed by pro se petitioners will allow 14 days for the filing of a traverse to account for mail delays.  (Exhibit 3.)

5. **Temporary Restraining Orders.** The standard scheduling order is intended to provide a prompt resolution to habeas petitions that should reduce the contemporaneous filing of motions for temporary restraining orders seeking release from custody or the relief that is otherwise requested by the habeas petition. Motions for temporary restraining orders should be reserved for matters where the petitioner alleges imminent, irreparable harm, such as imminent removal from the United States. All motions for temporary restraining orders must meet the requirements of Federal Rule of Civil Procedure 65 and Local Civil Rule 65.

6. **Future Modification.** The Court reserves the right to modify this Order or to rescind the Order entirely as the Court determines appropriate. This Order is effective immediately and remains in force until modified or rescinded.

7. **Dissemination of Order.** The Clerk shall post a copy of this Order on the Court's website and shall distribute copies whenever and to whomever the Clerk deems appropriate.

DATED this 7th day of July, 2026.

David G. Estudillo
Chief United States District Judge

# EXHIBIT 1

**U.S. Department of Justice**

*United States Attorney*
*Western District of Washington*

| | | |
|---|---|---|
| *Please reply to:* | *Seattle Office:* | *Tacoma Office:* |
| *Rebecca S. Cohen* | *700 Stewart Street, Ste 5220* | *1201 Pacific Ave., Ste 700* |
| *Assistant United States Attorney* | *Seattle, WA 98101-1271* | *Tacoma, WA 98402-4305* |
| *Chief, Civil Division* | *Tel: (206) 553-7970* | *Tel: (253) 428-3800* |
| *Direct Line: (206) 553-6526* | *Fax: (206) 553-0582* | *Fax: (253) 428-3826* |
| | *www.usdoj.gov/usao/waw* | |

December 16, 2025

The Honorable David G. Estudillo
Chief District Judge
United States District Court for the
   Western District of Washington
1717 Pacific Avenue
Tacoma, WA 98402

*Sent Via Email*

Re: General Consent to Disposition by Magistrate Judge in Immigration Habeas Cases

Dear Chief Judge Estudillo:

     The U.S. Attorney's Office for the Western District of Washington (USAO) represents United States Immigration and Customs Enforcement (ICE) and ICE employees named in their official capacity, in immigration-related habeas cases filed in the Western District of Washington under 28 U.S.C. § 2241. Effective immediately, the USAO hereby consents, pursuant to 28 U.S.C. § 636(c)(1), to the disposition by either a United States Magistrate Judge <u>or</u> a United States District Judge (at the discretion of the Court) in all such cases. In addition, the GEO Group, Inc. (GEO) has authorized the U.S. Attorney's Office to consent to the same on behalf of GEO and the Facility Administrator at the Northwest Immigration Processing Center (currently Bruce Scott) when the Facility Administrator is named as a respondent in his official capacity in any immigration-related habeas cases filed in the Western District of Washington under 28 U.S.C. § 2241.

//

//

The U.S. Attorney's Office for the Western District of Washington reserves ICE and GEO's right to withdraw consent in any individual case, and to withdraw this general consent, at any time.

Please do not hesitate to contact me if you have any questions.

Yours truly,

CHARLES NEIL FLOYD
United States Attorney

REBECCA S. COHEN
Assistant United States Attorney
Chief, Civil Division

# EXHIBIT 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| [Petitioner], | Case No. [Case #] |
| Petitioner[s], | SCHEDULING ORDER DIRECTING RESPONDENTS TO SHOW CAUSE WHY WRIT OF HABEAS CORPUS SHOULD NOT BE GRANTED |
| v. | |
| [Respondent], | |
| Respondents. | |

## I.     ORDER

Petitioner(s) have filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 alleging that Petitioner(s) are in custody in violation of the Constitution or laws of the United States. The Court has discretion to determine when a response to a § 2241 habeas petition is due. *See*, *e.g.*, Sect. 2254 Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254); *Clutchette v. Rushen*, 770 F.2d 1469, 1474–75 (9th Cir. 1985) (pursuant to Habeas Rule 4, the federal court has discretion to fix a time to file an answer beyond the time periods set forth in 28 U.S.C. § 2243). A court considering a habeas corpus petition "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243. The Court directs Respondents to show cause why the writ of habeas corpus should not be granted and ORDERS:

SCHEDULING ORDER DIRECTING RESPONDENTS TO SHOW CAUSE WHY WRIT OF HABEAS CORPUS SHOULD NOT BE GRANTED - 1

1. Respondents shall file a return to the habeas petition no later than [*14 days from entry of order*]. The return shall be noted on the Court's motion docket for the due date of the Petitioner's traverse – 5 days after the due date of the respondent's return. Any arguments that the petition should be dismissed shall be made in the return and not by separate motion. The return shall be filed using the "Response to Habeas Petition" CM/ECF filing event.

2. Any traverse by Petitioner(s) shall be filed no later than [*5 days from due date for return*]. A traverse filed through CM/ECF shall be filed using the "Reply to Response to Motion" filing event.

3. Respondents shall provide Petitioner(s) and Petitioner(s)' counsel in this habeas action at least 48 hours' notice (or 72 hours' notice if the period extends into a weekend, holiday, or date the Court is closed) prior to any action to move or transfer any Petitioner(s) from the Western District of Washington or to remove them from the United States. Respondents shall also (1) file the notice of intent to transfer or remove on the Court's docket; and (2) file a notice on the docket if the transfer or removal is completed.

4. The Clerk is directed to effectuate immediate service, if service has not already been accomplished, of the habeas petition filed in this case upon Respondents by emailing a copy of the habeas petition and this order to USAWAW.ImmigrationHabeasService@usdoj.gov.

5. Petitioner(s)' counsel shall provide Petitioner(s)' A-file number promptly to the U.S. Attorney's Office via email to USAWAW.ImmigrationHabeasAnumbers@usdoj.gov.

6. If either party seeks an expedited or enlarged briefing schedule, counsel for that party shall contact the opposing counsel promptly to meet and confer. The parties shall then

SCHEDULING ORDER DIRECTING RESPONDENTS TO SHOW CAUSE WHY WRIT OF HABEAS CORPUS SHOULD NOT BE GRANTED - 2

file a joint expedited motion, noted for the same day it is filed, that contains either an agreed briefing schedule or the parties' competing proposals for a briefing schedule.

Dated this ___ day of _____.

_____

[Signature]

SCHEDULING ORDER DIRECTING RESPONDENTS TO SHOW CAUSE WHY WRIT OF HABEAS CORPUS SHOULD NOT BE GRANTED - 3

# EXHIBIT 3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

[Petitioner],

                      Petitioner[s],

      v.

[Respondent],

                      Respondents.

Case No. [Case #]

SCHEDULING ORDER DIRECTING RESPONDENTS TO SHOW CAUSE WHY WRIT OF HABEAS CORPUS SHOULD NOT BE GRANTED

(PRO SE PETITIONER)

## I.    ORDER

Pro se Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 alleging that Petitioner is in custody in violation of the Constitution or laws of the United States. The Court has discretion to determine when a response to a § 2241 habeas petition is due. *See*, *e.g.*, Sect. 2254 Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by" 28 U.S.C. § 2254); *Clutchette v. Rushen*, 770 F.2d 1469, 1474–75 (9th Cir. 1985) (pursuant to Habeas Rule 4, the federal court has discretion to fix a time to file an answer beyond the time periods set forth in 28 U.S.C. § 2243). A court considering a habeas corpus petition "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S.C. § 2243. The Court directs Respondents to show cause why the writ of habeas corpus should not be granted and ORDERS:

SCHEDULING ORDER DIRECTING RESPONDENTS TO SHOW CAUSE WHY WRIT OF HABEAS CORPUS SHOULD NOT BE GRANTED (PRO SE PETITIONER) - 1

1. Respondents shall file a return to the habeas petition no later than [*14 days from entry of order*]. The return shall be noted on the Court's motion docket for the due date of the Petitioner's traverse – 14 days after the due date of the respondent's return. Any arguments that the petition should be dismissed shall be made in the return and not by separate motion.  The return shall be filed using the "Response to Habeas Petition" CM/ECF filing event.

2. Any traverse by Petitioner shall be filed no later than [*14 days from due date for return*].

3. Respondents shall provide Petitioner in this habeas action at least 7 days' notice prior to any action to move or transfer Petitioner from the Western District of Washington or to remove them from the United States. Respondents shall also (1) file the notice of intent to transfer or remove on the Court's docket; and (2) file a notice on the docket if the transfer or removal is completed.

4. The Clerk is directed to effectuate immediate service, if service has not already been accomplished, of the habeas petition filed in this case upon Respondents by emailing a copy of the habeas petition and this order to USAWAW.ImmigrationHabeasService@usdoj.gov.

5. If either party seeks an expedited or enlarged briefing schedule, counsel for that party (or the party themselves, if unrepresented) shall contact the opposing counsel (or party) promptly to meet and confer. The parties shall then file a joint expedited motion, noted for the same day it is filed, that contains either an agreed briefing schedule or the parties' competing proposals for a briefing schedule.

Dated this ___ day of _____.


_____
[Signature]


SCHEDULING ORDER DIRECTING RESPONDENTS TO SHOW CAUSE WHY WRIT OF HABEAS CORPUS
SHOULD NOT BE GRANTED (PRO SE PETITIONER) - 3